HONORABLE DAVID G. ESTUDILLO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| **CHRISTOPHER LEWIS** and **CORRI LEWIS**, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>**UNION PACIFIC RAILROAD COMPANY**, a Delaware corporation<br><br>Defendant. | No. 3:22-cv-05616-DGE<br><br>**STIPULATION REGARDING RULE 35 EXAMINATION BY DEFENDANT UNION PACIFIC RAILROAD COMPANY** |

The present action one alleging personal injuries in October 2019 from being struck by a train for which Plaintiff seeks to recover.

Defendant has requested an orthopedic examination pursuant to Rule 35.  The parties have set a date for such examination to proceed.

Rule 35 has certain requirements before it can be invoked by a party.  One requirement is that there be a mental or physical condition that is "in controversy" to be subject to such examination.  In the instant case, the plaintiff claims injuries to his head, brain, psyche, neck (cervical spine), back (particularly his lumbar spine), left shoulder, left hip, and left leg, as well as associated neurological and other conditions attendant thereto.  All such claimed injuries are to be

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 1

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

deemed "in controversy" for purposes of Rule 35 examination, though the orthopedic examination sought is inherently limited to "orthopedic" injuries, which, for purposes of this Stipulation are defined as alleged injuries to Mr. Lewis' neck and back, including his musculoskeletal system and spinal system, as well as to his head, left shoulder, left hip, left leg, and the bones, cartilage, muscles, ligaments, tissues, and/or nerves comprising each of those body parts.

The parties desire to stipulate to the following order without the need for a motion for a Rule 35 examination and a hearing on such a motion. The parties stipulate to and agree to be bound by the following terms:

1. The Plaintiff, Christopher Lewis, will be the examined party. Mr. Lewis resides in Lacey, Washington.

2. The examiner shall be Dr. Tom Faciszewski.

3. The location of the examination(s) shall be Pacific Manor, 8833 Pacific Ave, Suite A, Tacoma, WA 98444, and the exam shall proceed on June 26, 2023 at 10:00 AM.

4. The examiner may only conduct an examination in the field of expertise of that examiner, in this case in orthopedics.

5. Defendant shall have no further right to a Rule 35 examination as to the conditions identified in this stipulation unless ordered by the Court upon good cause shown, or presentation of new or additional injuries not previously identified by Plaintiff.

6. The examination will focus solely on the orthopedic medical conditions which are in controversy in this action, as specified above.

7. The Rule 35 examination will be limited to safe, medically-accepted tests or procedures specific to examination of the identified injuries of Mr. Lewis and each such test or

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 2

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

procedure utilized shall be specifically identified by name in the report mentioned below, and no tests or procedures that are painful, protracted or intrusive will be allowed.

8. Plaintiff will agree to provide a description of the incident, his injuries, and medical treatment received to date for those injuries. The examining doctor will be allowed to ask Mr. Lewis questions that are in the doctor's opinion relevant to the conditions which are in controversy for which he is conducting his examination, necessary to conduct a thorough assessment, and within the scope of his specialty.

9. Plaintiff will not be billed for any portion of the examination. Additionally, if the examination has to be cancelled as a result of an emergency not allowing his presence, Plaintiff will not be charged a cancellation fee. In such an event, Plaintiff's counsel and Defendant's counsel shall work cooperatively to reschedule the examination.

10. No laboratory tests will be conducted as part of the examinations.

11. No psychiatric testing will be conducted as part of the examinations.

12. No new imaging will be conducted as part of the examinations.

13. Plaintiff will not complete a patient information form, pain diagram, or sign any consent, HIPAA or otherwise, nor any release of information forms, as he is not a patient of the doctor performing the Rule 35 examination and is consenting to the examination solely pursuant to the requirements of Rule 35.

14. Plaintiff will wear comfortable clothing to the Rule 35 examination and will be asked to remove articles of clothing during the evaluation only to provide for a visual examination of the areas of his body not visible while clothed, which Dr. Faciszewski determines, in his professional medical opinion, are necessary to visually examine as part of his examination of the physical conditions that Plaintiff has placed in controversy in this case.

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 3

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

15. The total time for the examination is expected to be ninety (90) minutes. If unforeseen problems or circumstances beyond the examining doctor's control require that he interrupt the examination, Plaintiff will be informed if this interruption will exceed 10 minutes. Further, if Dr. Faciszewski believes the examination will exceed ninety (90) minutes, he will inform Plaintiff of such by seventy-five (75) minutes into the exam and will also inform Plaintiff at that time how long over ninety (90) minutes he expects the exam to go and the precise reasons for the need to exceed ninety (90) minutes of examination. In that event, Plaintiff may call his attorney, who will then call the attorney for Defendant, in order to confer about the dispute to see if a resolution can be reached and the examination can continue beyond the allotted ninety (90) minutes. In the event the parties are unable to resolve the dispute and the examination is terminated by either party after ninety (90) minutes of examination, then either party shall have the right to bring the issue in front of the Court for resolution. The prevailing party has the right to seek fees and costs from the Court.

16. The examination will be video recorded solely by a third-party vendor hired and paid for by Defendant. No other audio or video recordings of the examination will be permitted and Plaintiff will not be allowed to have a third-party observer present in the examination room. Following the completion of the examination, both parties may request a copy of the video recording from the third-party vendor, the copy of which will be provided at the requesting party's sole expense.

17. If the Rule 35 examination includes photographs or video of the testing conducted of Plaintiff, Defendant agrees to furnish copies of all video images and photographs taken or obtained during the examination to Plaintiff's counsel no later than thirty (30) days following the examination. Further, if the Rule 35 examination includes any audio recordings of the any portion

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 4

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

thereof, including interviews and/or testing, a copy of said audio recording will also be produced to Plaintiff's counsel by the same date.

18. Results of all tests, measurements, calculations, and the specific identified tests completed by Plaintiff during the examination shall be provided to Plaintiff's counsel through Dr. Faciszewski's written report, which will be produced no later than thirty (30) days following the examination.

19. A written report shall be prepared by Dr. Faciszewski separately detailing:

    a. The findings of the examiner;

    b. The results of all tests relied upon by the examiner;

    c. The diagnosis (-es), if any, made by the examiner;

    d. The findings upon which the diagnosis (-es) is (are) based;

    e. The conclusions and opinions reached by the examiner that will be testified to at trial, and the basis for each such opinion.

20. Copies of the written report will be provided to Plaintiff's counsel not more than thirty (30) days after each such examination. In addition, the following items will be provided at the same time:

    a. The examiner's curriculum vitae;

    b. Like reports of all earlier examinations conducted by Dr. Faciszewski of Mr. Lewis of the same condition, without prejudice to Mr. Lewis being able to demand any other reports consistent with Rule 35 and applicable case law interpreting the same;

    c. A list of all the cases in which the examiner has testified in the past four (4) years, either in deposition or at trial, and whether for the defense or plaintiff; and

    d. Each and every billing, accounting, or invoice for payment prepared or sent by the examiner (or the business hiring the examiner) to the defense or any agent therefor or representative thereof, for any work associated with this case or the examination, including preparation for the examination or preparation of the report.

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 5

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

21. Plaintiff shall have the right to depose the examining doctor following receipt of the report and other information.

22. The examining doctor and Plaintiff shall both be provided with a copy of these terms prior to the Rule 35 examination, and the parties agree that proceeding with the examination is an acknowledgement that the examining doctor and Plaintiff have agreed to adhere to all conditions set forth in this Stipulation.

23. A failure to abide by the terms of this stipulation shall allow for Plaintiff or Dr. Faciszewski to stop the examination and call the attorneys for both Plaintiff and Defendant in order to confer about the dispute to see if a resolution can be reached and the examination can continue.  In the event the parties are unable to resolve the dispute and the examination is terminated by either party, then the non-terminating party has the right to challenge the decision with the court and seek payment of their associated costs for that termination.

24. Nothing in this stipulation is intended to impact the admissibility, or exclusion, of any or all of any examiner's report or testimony.  Plaintiff and Defendant may make any legal arguments about (in)admissibility, or exclusion, as they deem fit in accordance with Court Rules and applicable law.

25. Each party shall have the right to petition the Court to compel any other party to comply with the terms of this stipulation or to address a failure to comply by any party, and the Court shall impose sanctions for a failure to so abide.

26. The Rule 35 Report shall be deemed confidential such that it may only be used for purposes of this litigation.  That said, its use for purposes of this litigation is not in any way restricted and no special measures need be taken in connection with such use.  By way of example only, it may be used in support of a motion, as a deposition exhibit, or in open court to

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 6

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

the extent allowed by the rules (and such limited examples are not meant to limit the use of the Rule 35 Report in other ways).  To the extent that any party to this litigation is required to produce a copy of the Rule 35 Report pursuant to a lawful discovery request, subpoena, or court order, that party agrees to provide notice to the other party in advance of production in order to allow that party to object, move to quash the subpoena, or obtain a protective order. THE PARTIES HEREBY STIPULATE TO AND AGREE TO BE BOUND BY EACH AND EVERY ONE OF THE FOREGOING TERMS.

Dated: June 26, 2023.

**ROSSI VUCINOVICH PC**

C. N. Coby Cohen
*Attorneys for Plaintiff*

**SUSSMAN SHANK LLP**

Tab Wood
*Attorneys for Defendant*

IT IS SO ORDERED:

David G. Estudillo
United States District Judge

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 7

**ROSSI VUCINOVICH PC**
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the following:

>Tab Wood
>Jason Evans
>SUSSMAN SHANK LLP
>1000 SW Broadway, Suite 1400
>Portland, OR 97205-3089
>Telephone: (503) 227-1111
>Facsimile: (503) 248-0130
>twood@sussmanshank.com
>jevans@sussmanshank.com
>*Attorneys for Defendant*

Dated:  June 26, 2023

      *s/ Kimberly Hubbard*
Kimberly Hubbard, Paralegal
khubbard@rvflegal.com

STIPULATION AND ORDER REGARDING
RULE 35 EXAMINATION - 8

ROSSI VUCINOVICH PC
1000 Second Avenue, Suite 1420
Seattle, Washington 98104
(425) 646-8003/ Fax (425) 646-8004