1                                   Honorable David G. Estudillo

2

3

4

5

6

7

## IN THE UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON AT TACOMA

8

| | |
|---|---|
| CHRISTOPHER LEWIS and CORRI LEWIS, a married couple, | Case No. 3:22-cv-05616-DGE |
| Plaintiff, | ***AMENDED* STIPULATION REGARDING RULE 35 EXAMINATION BY DONNA WICHER, PHD** |
| v. | |
| UNION PACIFIC RAILROAD COMPANY, a Delaware corporation, | |
| Defendant. | |

16      Defendant has requested a neuropsychological examination, pursuant to Rule 35, of Plaintiff, Christopher Lewis, by neuropsychologist Dr. Donna Wicher, relating to the mental injuries and conditions to his brain and psyche (including, but not limited to, traumatic brain injury and post-traumatic stress disorder) alleged to have occurred in the October 2019 incident that is the subject of the above entitled action.

21      For purposes of this Stipulation, the alleged mental injuries and conditions to Plaintiff Christopher Lewis' brain and psyche (including, but not limited to, traumatic brain injury and post-traumatic stress disorder) (hereinafter referred to in this Stipulation as "neuropsychological injuries") are deemed to be "in controversy" (as that term is used in Rule 35) for purposes of this Rule 35 examination.

///

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   The parties, therefore, desire to enter into the following Stipulation and proceed with the

2   Rule 35 neuropsychological examination of Plaintiff without the need for a motion for a Rule 35

3   examination and a hearing on such a motion.  The parties stipulate to and agree to be bound by the

4   following terms:

5       1.      Pursuant to Fed. R. Civ. P. 35, Plaintiff, Christopher Lewis, agrees to attend a

6   neuropsychological examination scheduled for July 21, 2023 at 9:30 a.m., and to be examined by

7   Donna C. Wicher, Ph.D. at said examination.  This examination will occur at Medical Consultation

8   Rentals, Hearon Family Dental Building, 1901 South Washington Street, Suite B, Tacoma, WA

9   98405.

10      2.      The examiner may only conduct an examination in the field of expertise of that

11  examiner, in this case in neuropsychology.  Further, the examination will focus solely on the

12  neuropsychological conditions which are in controversy in this action, as specified above and in

13  Plaintiff's operative Complaint, discovery responses, deposition testimony, and medical records.

14      3.      Defendant shall have no further right to a Rule 35 examination as to the conditions

15  identified in this Stipulation unless ordered by the Court upon good cause shown, or presentation

16  of new or additional injuries not previously identified by Plaintiff.

17      4.      Dr. Wicher's Rule 35 neuropsychological examination will consist of a clinical

18  interview,  the administration of neuropsychological assessment measures, and the administration

19  of the Minnesota Multiphasic Personality Inventory-3 (MMPI-3).  The examination will begin

20  with an in-depth clinical interview of Mr. Lewis, expected to last approximately ninety (90)

21  minutes in duration, wherein she will cover topics, including, Mr. Lewis' medical and mental

22  health history, life experience, as well as his educational, social, and work histories.  Following

23  the clinical interview, Dr. Wicher will administer scientifically validated and accepted

24  neuropsychological assessment measures to Mr. Lewis, including testing on such areas as memory

25  and concentration, attention, intellectual functioning, processing speed, executive functioning,

26  perceptual reasoning, and visual organization.  The administration of these neuropsychological

*AMENDED* **STIPULATION REGARDING RULE 35**
**EXAMINATION BY DONNA WICHER, PHD** - Page 2
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   assessment measures is important to objectively evaluate Mr. Lewis' neuropsychological state and

2   current level of functioning.  However, it is impossible for Dr. Wicher to pre-determine which

3   assessment measurements she will administer without the valuable information obtained during

4   the interview portion of the exam.  As part of her neuropsychological examination, Dr. Wicher

5   will also administer the MMPI-3, which typically takes an examinee about 1-2 hours to complete,

6   but sometimes can take quite a bit longer as it is largely dependent upon how long the individual

7   examinee wants to think about each test item before answering it.  Dr. Wicher will not ask Mr.

8   Lewis any questions during the testing process, other than questions that are reasonable and

9   necessary in order to properly administer the testing or to ensure plaintiff's comfort.

10        5.      Plaintiff will not complete a patient information form, pain diagram, or sign any

11   consent, HIPAA or otherwise, nor any release of information forms, as he is not a patient of the

12   doctor performing the Rule 35 examination and is consenting to the examination solely pursuant

13   to the requirements of Rule 35.

14        6.      The total time for the Rule 35 neuropsychological examination is expected to be

15   eight (8) hours, including reasonably timed breaks that Mr. Lewis or Dr. Wicher may need to take

16   during the pendency of the examination.  If any period of time exceeding 30 minutes goes by when

17   Mr. Lewis is not being interviewed or administered testing, and the reason for delay was caused

18   by Dr. Wicher and not by Mr. Lewis' own conduct (such as taking a longer than planned break),

19   then he may call his attorney, who will then call the attorney for Defendant, in order to confer

20   about the dispute to see if a resolution can be reached and the examination can continue.  In the

21   event the parties are unable to resolve the dispute and the examination is terminated by either party,

22   then either party shall have the right to bring the issue in front of the Court for resolution.  The

23   prevailing party has the right to seek fees and costs from the Court.

24   ///

25   ///

26   ///

*AMENDED* **STIPULATION REGARDING RULE 35**
**EXAMINATION BY DONNA WICHER, PHD** - Page 3
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   7.   Mr. Lewis will be permitted to take 15-minute breaks as needed.  No breaks will be

2   allowed during the timed MMPI-3 test.  During each break, Dr. Wicher and any staff member will

3   not engage Mr. Lewis in conversation.

4   8.   No audio or video recording will be allowed to be taken of Dr. Wicher's Rule 35

5   examination of Plaintiff.  Further, no third-party will be allowed to observe any portion of this

6   examination.  No persons other than Plaintiff Christopher Lewis and Dr. Wicher are allowed to be

7   present during the evaluation, except for Dr. Wicher's test technician who will aid in the

8   administration of neuropsychological assessment measures during the examination.

9   9.   No laboratory tests will be conducted as part of the examination.

10   10.   No new imaging will be conducted as part of the examination.

11   11.   Plaintiff will not be billed for any portion of the examination.  Additionally, if the

12   examination has to be cancelled as a result of an emergency not allowing his presence, Plaintiff

13   will not be charged a cancellation fee.  In such an event, Plaintiff's counsel and Defendant's

14   counsel shall work cooperatively to reschedule the examination.

15   12.   If the Rule 35 examination includes photographs or video of the testing conducted

16   of Plaintiff, Defendant agrees to furnish copies of all video images and photographs taken or

17   obtained during the examination to Plaintiff's counsel no later than thirty (30) days following the

18   examination.  Further, if the Rule 35 examination includes any audio recordings of the any portion

19   thereof, including interviews and/or testing, a copy of said audio recording will also be produced

20   to Plaintiff's counsel by the same date.

21   13.   Results of all tests, measurements, calculations, and the specific identified tests

22   completed by Plaintiff during the examination shall be provided to Plaintiff's counsel through Dr.

23   Wicher's written report, which will be produced no later than thirty (30) days following the

24   examination.

25   14.   A written report shall be prepared by Dr. Wicher separately detailing:

26   a.   The findings of the examiner;

*AMENDED* **STIPULATION REGARDING RULE 35**
**EXAMINATION BY DONNA WICHER, PHD** - Page 4
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

b.   The results of all tests relied upon by the examiner;

c.   The diagnosis (-es), if any, made by the examiner;

d.   The findings upon which the diagnosis (-es) is (are) based;

e.   The conclusions and opinions reached by the examiner that will be testified to at trial, and the basis for each such opinion.

15.   Copies of the written report will be provided to Plaintiff's counsel not more than thirty (30) days after each such examination.  In addition, the following items will be provided at the same time:

a.   The examiner's curriculum vitae;

b.   Like reports of all earlier examinations conducted by Dr. Wicher of Mr. Lewis of the same condition, without prejudice to Mr. Lewis being able to demand any other reports consistent with Rule 35 and applicable case law interpreting the same;

c.   A list of all the cases in which the examiner has testified in the past four (4) years, either in deposition or at trial, and whether for the defense or plaintiff; and

d.   Each and every billing, accounting, or invoice for payment prepared or sent by the examiner (or the business hiring the examiner) to the defense or any agent therefor or representative thereof, for any work associated with this case or the examination, including preparation for the examination or preparation of the report.

16.   Dr. Wicher agrees, upon request, to produce copies of the raw test data gathered by her during her Rule 35 examination to any other licensed psychologist or neuropsychologist identified by Plaintiff.  Further, the agreement memorialized in this paragraph is for a mutual exchange of expert raw data, meaning that Plaintiff also agrees through this Stipulation to produce to Dr. Wicher, upon request, copies of the raw test data gathered during any psychological or neuropsychological examination of Plaintiff conducted by a psychologist or neuropsychologist that Plaintiff has disclosed as a testifying expert witness in this action.  The production of raw test data, as provided for by this paragraph, must be sent directly to the psychologist or neuropsychologist identified by the party and cannot be produced to the attorneys, the parties, or any other non-licensed psychologist or neuropsychologist.

***AMENDED* STIPULATION REGARDING RULE 35 EXAMINATION BY DONNA WICHER, PHD** - Page 5
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

17.     Dr. Wicher agrees, upon request, to a mutual exchange of the copies of the raw test data gathered by her during her Rule 35 examination with any other licensed psychologist or neuropsychologist who has examined, or is otherwise, treating Plaintiff Christopher Lewis.  Any such exchange of raw test data must be sent directly to the psychologist or neuropsychologist and cannot be provided to the attorneys, the parties, or any other non-licensed psychologist or neuropsychologist.

18.     Plaintiff shall have the right to depose the examining doctor following receipt of the report and other information.

19.     The examining doctor and Plaintiff shall both be provided with a copy of these terms prior to the Rule 35 examination, and the parties agree that proceeding with the examination is an acknowledgement that the examining doctor and Plaintiff have agreed to adhere to all conditions set forth in this Stipulation.

20.     A failure to abide by the terms of this stipulation shall allow for Plaintiff or Dr. Wicher to stop the examination and call the attorneys for both Plaintiff and Defendant in order to confer about the dispute to see if a resolution can be reached and the examination can continue.  In the event the parties are unable to resolve the dispute and the examination is terminated by either party, then the non-terminating party has the right to challenge the decision with the court and seek payment of their associated costs for that termination.

24.     Nothing in this stipulation is intended to impact the admissibility, or exclusion, of any or all of any examiner's report or testimony.  Plaintiff and Defendant may make any legal arguments about (in)admissibility, or exclusion, as they deem fit in accordance with Court Rules and applicable law.

25.     Each party shall have the right to petition the Court to compel any other party to comply with the terms of this stipulation or to address a failure to comply by any party, and the Court shall impose sanctions for a failure to so abide.

///

**_AMENDED_ STIPULATION REGARDING RULE 35 EXAMINATION BY DONNA WICHER, PHD** - Page 6
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    26.    The Rule 35 Report shall be deemed confidential such that it may only be used for

2    purposes of this litigation.  That said, its use for purposes of this litigation is not in any way

3    restricted and no special measures need be taken in connection with such use.  By way of example

4    only, it may be used in support of a motion, as a deposition exhibit, or in open court to the extent

5    allowed by the rules (and such limited examples are not meant to limit the use of the Rule 35

6    Report in other ways).  To the extent that any party to this litigation is required to produce a copy

7    of the Rule 35 Report pursuant to a lawful discovery request, subpoena, or court order, that party

8    agrees to provide notice to the other party in advance of production in order to allow that party to

9    object, move to quash the subpoena, or obtain a protective order.

10    THE PARTIES HEREBY STIPULATE TO AND AGREE TO BE BOUND BY EACH

11    AND EVERY ONE OF THE FOREGOING TERMS.

12    Dated: July 18, 2023                            *s/ Tab Wood*
                                                      Tab Wood
13                                                    Of Attorneys for Defendant

14    Dated: July 20, 2023                            *s/ C. N. Coby Cohen*
                                                      C. N. Coby Cohen
15                                                    Of Attorneys for Plaintiff

16    Submitted by:
      *s/ Tab Wood*
17    W.S. Tab Wood, WSBA No. 51038
      Sussman Shank LLP
18    Of Attorneys for Defendants

19

20    **IT IS SO ORDERED.**

21

22

23

24    David G. Estudillo
      United States District Judge

25

26

***AMENDED* STIPULATION REGARDING RULE 35
EXAMINATION BY DONNA WICHER, PHD** - Page 7
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1                               CERTIFICATE OF SERVICE

2         THE UNDERSIGNED certifies:

3         1.         My name is Tab Wood.  I am a citizen of MULTNOMAH County, state of Oregon,

4 over the age of eighteen (18) years and not a party to this action.

5         2.         On July 18, 2023, I caused to be delivered via **EMAIL AND FIRST-CLASS**

6 **MAIL**, a copy of *AMENDED* **STIPULATION REGARDING RULE 35 EXAMINATION BY**

7 **DONNA WICHER, PHD**, to the interested parties of record, addressed as follows:

8

9 Coby Cohen
Rossi Vucinovich PC

10 1000 Second Avenue, Suite 1780
Seattle, WA 98104

11 425-646-8003
ccohen@rvflegal.com

12 Attorney for Plaintiff

13

14         I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the

15 best of my knowledge, information, and belief.

16

17                       *s/ Tab Wood*

18                       Tab Wood, Attorney

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE** - Page 1
Case No. 3:22-cv-05616-DGE

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130